[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
CT Page 14740
Facts
This action arises from an incident that took place on April 17, 1996. The plaintiff Carolyn, Hughes alleges that she was struck by a vehicle driven by the defendant Julie Pagnozzi while she was crossing Washington Blvd. in Stamford, CT in a designated crosswalk. Following the accident, the plaintiff hired Eugene Baron as an expert to reconstruct the accident as it took place on April 17, 1996. However, Mr. Baron was never disclosed as an expert by the plaintiff and will not be utilized as an expert by the plaintiff at trial. On Jan 10, 2000 the plaintiff issued its disclosure of expert witness, which identified Michael Miller only as an expert engineer who will testify at trial.
At a deposition by the defendant of Mr. Miller on October 11, 2000, Miller testified that although he read the information from the dismissed expert (Eugene Baron) it played no part in his investigation and the resulting opinions and conclusions. Defendant now seeks disclosure of the first expert's notes (Eugene Baron). On October 13, 2000 the plaintiff made a motion for protective order regarding the notes pursuant to Practice Book Section 13-5.
Issues
 1. Whether the court should grant plaintiff's motion for protective order or compel the plaintiff to disclose the first expert's notes.
 2. Whether plaintiff's motion for a protective order is untimely as the plaintiff was notified of Miller's deposition and the subject matter three months prior to the actual deposition and made no objection prior thereto.
Discussion
Practice Book section 13-5 gives the court judicial authority to grant a protective order upon a motion by a party from whom discovery is sought. Section 13-5 also outlines eight options that are at the court's disposal when determining exactly what the protective order should entail. There must be good cause shown. Defendant relies on Practice Book section 13-14 which gives the court the power to order compliance. Practice Book section 13-4 reads in part:
CT Page 14741 "A.) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. B.) . . . a party may take the deposition of any expert witness disclosed pursuant to subdivision (1)(A) of this rule . . . B) A party may discover facts known or opinions held by an expert who had been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in section 13-11 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."
Plaintiff argues the defendant cannot show exceptional circumstances that would compel discovery of information supplied by an expert that will not be called as a witness at trial. Furthermore, plaintiff points out that at Mr. Miller's deposition he testified that he did not rely on any of the information contained in the notes of the first expert. Whereas, the defendant argues that Miller reviewed this information and in developing an understanding of the facts and circumstances surrounding this case. Defendant also relies on Murchie v. Hurwitz, 1992 WL 91675. InMurchie, an expert witness who was going to testify at trial was forced to disclose information in his file that he removed prior to disclosure, this being two documents used by the expert. However, Murchie is distinguishable from this case in that Miller here clearly stated that he in no way relied on the first expert's notes in arriving at his conclusions. In Murchie, the information that had to be disclosed was part of the basis for the expert's opinion. In this case, there are no exceptional circumstances that would warrant disclosure of the first expert's notes especially since Miller did not rely on these notes.
Secondly, the defendant argues that the plaintiff's motion for protective order is untimely. The basis for defendant's argument is that the plaintiff never objected to the disclosure of these documents and never made a motion for protective order prior to the taking of Miller's deposition. Defendant points to the fact that they noticed Miller's deposition five times and the plaintiff was informed of the subject matter that would be covered. The defendant relies on Automotive SystemIntegration, Inc. v. Autoswage-products, Inc., 1996 WL 278275. In that CT Page 14742 case, the plaintiff's president failed to produce documents requested prior to the scheduled deposition. As a result of the plaintiff's failure to obtain a timely protective order, the court sanctioned the plaintiff. In the instant case, although the correspondence, notes, diagrams and materials received by Miller in connection with the above subject matter were noticed prior to the scheduled deposition, Miller categorically stated he did not use Baron's notes in arriving at his conclusions. In the Automotive System case, the plaintiff was sanctioned, since it was clear what the deponent (the plaintiff's president) was expected to produce at the deposition. Here, this court finds that the defendant is not prejudiced by the plaintiff's failure to timely object and the non-disclosure of Baron's notes.
The motion for protective order is tamed.
The Court
By Grogins, J.